UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUGUSTIN PENA-SANCHEZ,

     Plaintiff,

-against-

NEW YORK CITY; DEPARTMENT OF CORRECTION,

     Defendants.

22-CV-4942 (LTS)

ORDER OF DISMISSAL WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is incarcerated at the Anna M. Kross Center on Rikers Island, is proceeding *pro se* and *in forma pauperis* (IFP). Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated July 26, 2022, the Court: (1) severed and transferred claims arising outside of this District; and (2) directed Plaintiff to amend his complaint to address deficiencies in his original pleading with respect to claims arising within this District. Plaintiff filed an amended complaint on August 15, 2022, and the Court has reviewed it. The action is dismissed for the reasons set forth below, but the Court grants Plaintiff leave to replead some of his claims.

## BACKGROUND

  In the original complaint, which names as Defendants the City of New York and the New York City Department of Correction (DOC), Plaintiff makes the following assertions: (1) on May 20, 2022, correction officers in the Queens County Supreme Court assaulted him and used racial slurs against him; (2) correction officers at Rikers Island denied Plaintiff access to the law library and his mail; and (2) another Rikers Island detainee, Andre Antrobus, had experiences similar to his. (ECF 2 ¶ V.)

By order dated July 26, 2022, the Court: (1) severed and transferred Plaintiff's claims arising from the alleged assault in the Queens County courthouse; and (2) directed Plaintiff to file an amended complaint regarding his claims allegedly occurring at Rikers. In that order, the Court: (1) dismissed Plaintiff's claims against DOC because it is not a suable entity; (2) instructed Plaintiff to provide facts in support of a municipal liability claim against the City of New York, or to name individuals and provide facts showing their personal involvement in what occurred; (3) dismissed any claims arising from the alleged destruction of property; and (4) directed Plaintiff to provide facts stating a First Amendment with respect to his law library and mail access. (ECF 5.)

Plaintiff filed an amended complaint on August 15, 2022, in which he again names the City of New York and DOC, and reiterates that he was assaulted in a Queens courthouse. (ECF 6.) With respect to matters occurring at Rikers, Plaintiff alleges that he and Antrobus have both experienced "block[ed]" access to the telephone, courts, and mail; and that corrections officers seized "favorable exonerating evidence" from them, and permitted gang members to assault them. (*Id.*)

## DISCUSSION

**A.     Previously Asserted Claims**

Plaintiff's amended complaint names the same defendants, and is substantially similar to the original complaint with respect to the First Amendment and deprivation of property claims. For the reasons set forth in the July 26, 2022 order, Plaintiff's amended complaint is dismissed with respect to the previously asserted First Amendment and property claims.

**B.     Newly Asserted Claim**

Plaintiff asserts for the first time that corrections officers enabled gang members to assault him and Antrobus.

1.     **Claims on behalf of Andre Antrobus**

The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Plaintiff has not alleged any facts suggesting that he is an attorney. He cannot, therefore, assert any claims on behalf of Antrobus, and the Court dismisses any claims Plaintiff asserts on behalf of that individual.

2.     **Excessive Force Claim**

The Court construes Plaintiff's claim of excessive force as arising under Section 1983, which requires a plaintiff to allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Moreover, a plaintiff proceeding under Section 1983 must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of

respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not provide facts explaining exactly what occurred, or name any individual Defendants or provide facts showing how they were personally involved in the events giving rise to this matter. The Court grants Plaintiff leave to replead his assault claim. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (cautioning that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is granted leave to replead *only* his assault claim on his own behalf. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 22-CV-4942 (LTS). A Second Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted. Judgment dismissing the complaint will be entered without further notice if no timely amended complaint is filed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 11, 2023
        New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

**COMPLAINT**

(Prisoner)

_____

Do you want a jury trial?
☐ Yes   ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City          State          Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

Page 2

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V. STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____     _____
Dated                                Plaintiff's Signature

_____     _____
First Name         Middle Initial    Last Name

_____
Prison Address

_____
County, City                State              Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____